IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Jason Gaza

    Plaintiff

v.

Auto Glass America, LLC

    Defendant

_____/

CIVIL ACTION FILE NO

8:17-cv1811T27 AEP

## COMPLAINT

Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding text messages made to the Plaintiff. Plaintiff, an individual, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. 227 et seq.

### II. PARTIES

1. Plaintiff is a natural person residing in Pasco County, Florida.

2. Defendant, Auto Glass America, LLC (hereafter "Auto Glass America") is an automotive glass repair company who markets to consumers using text messages made using devices that are Automatic Telephone Dialing Systems.

3. Defendant can be served upon their registered agent, Registered Agents Inc., 3030 N Rocky Point Drive Suite 105A, Tampa, Florida 33607.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. 1331 and 28 U.S.C. 1367.

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Pasco County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

### IV. STATUTORY STRUCTURE TCPA

6. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

(A)  to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B)  to dial such numbers.

See, 47 U.S.C. 227 (a)(1).

7. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone

number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

8. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. 227 (b)(3).

## V. FACTUAL ALLEGATIONS

9. Plaintiff is the subscriber of cell phone number 813-758-4367.

10. Plaintiff never gave express consent to the Defendant to receive text messages to his cell phone number.

11. Defendant Auto Glass America or its agents texted no less than 5 times (five) with an ATDS to the Plaintiff's cell phone number listed above.

12. Text messages made with an ATDS as defined above constitute calls for the purposes of the TCPA.

## VI. TCPA VIOLATIONS

Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

13. The actions of the Defendant individually and collectively violated the TCPA.

14. By the Defendant or the Defendant's Agents texting the Plaintiff's phone without express consent with an ATDS the Defendant violated the TCPA. 27 U.S.C. 227

15. By the Defendant or the Defendant's Agents texting the Plaintiff's cell phone knowing they did not have express consent to text or call with an ATDS the Defendant or Defendant's Agents willfully or knowingly violated the TCPA. 27 U.S.C. 227

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1)   Statutory damages pursuant to TCPA 47 U.S.C. 227 (b)(3);

(2)   Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3);

(3)   Injunctive relief;

(4)   Such other and further relief that the Court deems just and proper.

*[signature]*

Jason A. Gaza (Pro Se)
11628 Pilot Country Dr.
Spring Hill, FL 34610
813-758-4367
gizmosdaddy.gaza@gmail.com