UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON GAZA,

    Plaintiff,

v.                                  Case No: 8:17-cv-1811-T-27AEP

AUTO GLASS AMERICA, LLC,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Dispositive Motion for Final Summary Judgment (Dkt. 40) and Plaintiff's opposition (Dkt. 41). Upon consideration, Defendant's Dispositive Motion for Final Summary Judgment (Dkt. 40) is **GRANTED**.

### I. BACKGROUND

In this action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), Plaintiff alleges that Defendant used an automated telephone dialing system ("ATDS") to send text messages to his cellular phone without his consent. (Dkt. 20, Amended Complaint, ¶ 11).

According to Plaintiff, he provided his cellular phone number to Defendant to schedule an appointment to have his windshield replaced. (Dkt. 40-2, Jason Gaza Dep., at 8:2-11). Sometime in October 2015, Defendant replaced the windshield. (Id. at 9:4-6; Ex. A). Between March 30, 2017 and July 12, 2017, Plaintiff received five text messages from the number "332222" which included Defendant's business telephone number in the message. (Id. at 12:14; Ex. B). His "Google" search

1

of the "332222" number showed that it belonged to "a Textedly website," which described itself as a "texting platform." (Id. at 13:10-15;17:12-17). Based on his review of the Textedly website and his understanding of the TCPA, Plaintiff believes Defendant utilized an ATDS to send the messages. (Id. at 20:2-11).[1]

Defendant contends that it is entitled to summary judgment because Plaintiff fails to produce any evidence establishing that an ATDS was used to send the text messages sent to Plaintiff, an essential element of a cause of action under § 227(b)(1).[2] (Dkt. 40, p. 5). Defendant is correct.

## II. STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party fails to demonstrate the absence of a genuine dispute, the

---

[1] Specifically, Plaintiff testified, "as I understand it, [the Textedly system falls] under the veil of a predictive dialer." (Id. at 20:2-11).

[2] In the alternative, Defendant argues that even if it used an ATDS to text Plaintiff, the communications would not violate the TCPA because Plaintiff provided express consent to receive the messages. (Dkt. 40, p. 7). Since Plaintiff cannot show that Defendant used an ATDS, it is unnecessary to address this argument.

2

motion should be denied. *Kernel Records*, 694 F.3d at 1300 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-08 (11th Cir. 1991)). Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial. *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010).

Relevant here, Plaintiff, the nonmoving party, must "go beyond the pleadings," and designate specific facts showing that there is a genuine dispute. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). A mere scintilla of evidence in the form of conclusory allegations, legal conclusions, or evidence that is merely colorable or not significantly probative of a disputed fact cannot satisfy a party's burden. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991); *Kernel Records*, 694 F.3d at 1301.

### III. DISCUSSION

#### *Automatic Telephone Dialer System*

The TCPA prohibits the use of an ATDS to call or text a telephone number assigned to a cellular telephone service (other than for purposes of an emergency), without the prior express consent of the "called party." 47 U.S.C. § 227(b)(1)(A)(iii). "The term 'automatic telephone dialing system' means equipment which has the capacity--(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).[3] This includes equipment that has "the capacity to store or produce numbers and dial those

---

[3] The FCC has issued numerous rulings interpreting what qualifies as an ATDS. *See In the Matter of Rules & Regulations Implementing the Tel.Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7971-7978, ¶¶ 10-24 (2015 FCC Ruling); *In the Matters of Rules & Regulations Implementing the Tel. Consumer Prot. Act of* 1991, 27 F.C.C. Rcd. 15391, 15399 (2012 FCC Ruling); 2008 *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. at 566 ¶ 13 (2008 FCC Ruling); *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-93 ¶¶ 131-134 (2003 FCC Ruling). As noted, an FCC Ruling has the force of law

numbers at random, in sequential order, or from a database of numbers." *Id.* The essential function of an ATDS is "the capacity to dial numbers without human intervention." *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-93 ¶¶ 131-134 (2003 FCC Ruling). And, the reach of the TCPA extends to text messages. *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015).

To succeed on his TCPA claim, Plaintiff must establish that Defendant sent text messages to his cellular phone using an ATDS. Defendant contends that he fails to show that the text messages were sent by an ATDS. The undisputed evidence confirms Defendant's contention. Anthony Prieto, Defendant's corporate representative, testified that the text messages sent on behalf of Defendant utilized manual entry, uploading, and the eventual use of an online website. According to Prieto,

- The Defendant has work orders and invoices from prior customers that contain their name, address, and cell phone number. (Dkt. 40-1, Anthony Prieto Dep., 9:3-10).
- One of its representatives would go through these orders/invoices and take a customer's name and phone number and type it into an Excel spreadsheet. (Id. at 10:7).
- The representative would then go to the website of a company called "Textedly," which Defendant used to send electronic messages to former customers. (Id. at 8:23-25 - 9:1; 11:1-2).
- After going to the website, the representative would log into the site with their password. (Id. at 11:4-5).
- The representative will then upload the Excel spreadsheet file to the website. (Id. at 11:8-24).
- After the Excel spreadsheet is uploaded to the website, the website allows

---

and a district court is without jurisdiction to consider its validity. *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1121-22 (11th Cir. 2014)

- individual names to be selected for a text message to be sent on behalf of Defendant. (Id. at 12-15).
- Once the names are selected, Defendant can draft a text message to be sent, as well as select the date and time it should be sent. (Id. at 16-18).
- After this information is entered, Defendant "hit[s] send and hopefully they're sent out on the date and time" chosen. (Id. at 15:11-15).
- Textedly is not authorized to send out any messages at random. (Id. at 15:16-19).
- And, when asked how the text messages were delivered to Defendant's customers, Prieto responded, "By text messages through the computer system. You have to ask Textedly how their inner workings are." (Id. at 22:1-4).

Based on Prieto's uncontradicted testimony, there is nothing in the record establishing that Defendant used an ATDS to send the text messages to Plaintiff. Indeed, the record is silent as to how the Textedly website/platform sends messages, and more importantly, how the messages were sent to Plaintiff. And, as Prieto testified, what happens after "send" is pressed, *i.e.* "the inner workings," is a question for Textedly.

In an effort to show that a genuine issue of material fact exists,[4] *Dietz*, 598 F.3d at 815, Plaintiff includes a section in his response titled: "Material Factual Allegations in Dispute." However, these allegations are nothing more than legal conclusions and speculation that Defendant used an autodialer when sending the text messages. (Dkt. 41, p. 4).[5] Authority in this Circuit has repeatedly held that conclusory allegations are insufficient to avoid summary judgment. *See Avirgan*,

---

[4] Plaintiff relies solely on certain portions of Prieto's testimony in an attempt to raise factual issues.

[5] The allegations in Plaintiff's opposition include: "(B) Defendant or their agents texted Plaintiff approximately five times with an ATDS device . . . ." and "(C) The text messages that Defendant sent to Plaintiff's cell phone were ATDS messages . . . ." (Dkt. 41, p. 4).

932 F.2d at 1577 (a plaintiff's evidence "cannot consist of conclusory allegations or legal conclusions.").

In an effort to "go beyond the pleadings," Plaintiff contends that Defendant used an ATDS because its corporate representative "admitted to picking a date and time to send text messages from a database uploaded into the Textedly, computer portal/system upon which Defendant relies to 'blast' its unwitting customers at a future 'time and date' evidencing the true nature of Defendant's unlawful conduct." (Dkt. 41, pp. 5-6). Plaintiff contends that because Defendant pre-scheduled the sending of the text messages, "the element of human intervention" was removed. (Id. at p. 6).[6]

Plaintiff's arguments are unpersuasive. First, the arguments are not supported by citation to any legal authority. Second, as noted, there is no evidence in the record that explains how the messages were sent. One characteristic of an ATDS is that the equipment itself "*dial[s]* ... numbers at random, in sequential order, or from a database of numbers." 47 U.S.C. § 227(a)(1) (emphasis added). The undisputed record evidence shows that Defendant's representative creates and uploads a list to an online "platform" from which customer names and phone numbers are selected, text messages drafted, a date and time of delivery is selected, and the "send" button is pressed, all requiring human intervention. Contrary to Plaintiff's argument, therefore, the record evidence shows that human intervention was necessary throughout the process. *See* footnote 6, *supra*. And, as noted,

---

[6] Contrary to Plaintiff's arguments, several district courts across the country have found that text message systems are not ATDS even though the user pre-selected the time of delivery. *See Herrick v. GoDaddy.com LLC*, 312 F. Supp. 3d 792, 803 (D. Ariz. 2018) (system not an ATDS even though part of text message delivery included a user scheduling a time for the text message to be sent); *Jenkins v. mGage, LLC*, 2016 WL 4263937, at *6 (N.D. Ga. 2016) (system not an ATDS where "direct human intervention is required to send each text message immediately or to select the time and date when, in the future, the text message will be sent"); *Blow v. Bijora, Inc.*, 191 F. Supp. 3d 780, 788 (E.D. Ill. 2016) (system not an ATDS even though user "must specify whether to send the message immediately or at some specified time"); *Luna v. Shac, LLC*, 122 F. Supp. 3d 936, 941 (N.D. Cal. 2015) (system not an ATDS because "human intervention was involved in drafting the message, determining the timing of the message, and clicking 'send' on the website to transmit the message to plaintiff").

Plaintiff provides no foundation or support for his legal conclusion that an ATDS platform was used when the text messages were sent to him, and therefore cannot avoid summary judgment. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981), *cert. denied*, 456 U.S. 1010 (1982) (If the nonmovant's response consists of nothing more than a repetition of conclusory allegations, summary judgment is not only proper, but required.).

In sum, there is no material factual dispute about whether Defendant used an ATDS to send text messages to Plaintiff's cellular phone. Plaintiff's TCPA claim therefore fails as a matter of law. *See Gaza v. LTD Fin. Servs., L.P.*, No. 8:14-cv-1012, 2015 WL 5009741, *4 (M.D. Fla. August 24, 2015) ("TCPA claims fail as a matter of law because [plaintiff] failed to establish a genuine issue for trial with respect to whether the calls were placed using an ATDS").

Accordingly, Defendant's Dispositive Motion for Final Summary Judgment (Dkt. 40) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE AND ORDERED** this 2nd day of November, 2018.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record